Case 3:15-cv-01373-G   Document 1-2   Filed 05/01/15   Page 1 of 6   PageID 7

FILED
2/2/2015 3:35:35 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-15-00587-C
CAUSE NO. _____

| | | |
|---|---|---|
| MARIA CASTRO<br>Plaintiff | §<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NO. _____ |
| TJ TRUCKING COMPANY, INC. AND<br>GARY D. GRAY<br>Defendants | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Maria Castro, individually, (also "Plaintiff") complaining of and about TJ Trucking Company, Inc. (also "Defendant TJ Trucking"), a corporation and Gary D. Gray (also "Defendant Gray"), an individual, and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Texas Rules of Civil Procedure Rule 190, discovery for this cause is intended to be conducted under Level 2. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief in a sum greater than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post judgment interest at the highest legal rate.

### II.
### JURISDICTION AND VENUE

This court has jurisdiction over Defendant TJ and Defendant Gray, under


EXHIBIT A

minimum contacts jurisdiction. Venue is proper in Dallas County, Texas since the incident which gives rise to the claims contained herein occurred in Dallas, County, Texas.

### III.
### PARTIES AND SERVICE

1. Plaintiff Maria Castro is a resident of Denton County, Texas.

2. Defendant TJ Trucking Company, Incorporated, a Tennessee corporation, may be served with process through the Texas Secretary of State by serving their registered agent Jeanette Fussell at 4521 Ravenwood Drive, Chattanooga, TN 37415.

3. Defendant Gary D. Gray an individual, may be served with process through the Texas Secretary of State at 8300 Blue Spruce Drive, Hixson, TN 37343.

### IV.
### FACTS

On July 18, 2013, Plaintiff was traveling eastbound on Highway 635. Plaintiff stopped due to the traffic in front of her stopping. Defendant Gray rear-ended Plaintiff, seriously injuring Plaintiff.

### V.
### NEGLIGENCE

The collision which forms the basis of this lawsuit and injuries suffered by reason thereof were proximately caused by Defendant Gray's careless and reckless disregard of duty which consisted of, but is not limited to, the following acts and omissions:

1. In that Defendant Gray failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a reasonably prudent driver under the same or similar circumstances;

2.   In that Defendant Gray failed to apply his brakes in a timely and prudent manner;

3.   In that Defendant Gray violated §545.062 of the Texas Transportation Code by failing to maintain a safe following distace;

4.   In that Defendant Gray violated §545.351 of the Texas Transportation Code by driving at a rate of speed which was greater than that which an ordinarily prudent driver would have driven under the same or similar circumstances;

5.   In that Defendant Gray failed to turn his vehicle in an attempt to avoid the collision;

6.   In that Defendant Gray failed to stop in a timely and prudent manner; and

Each of the aforementioned negligent acts or omissions, singularly or in combination with others, constituted a proximate cause of the collision and of the resulting damages and injuries to Plaintiff.

## VI.
## RESPONDEAT SUPERIOR-VICARIOUS LIABILITY

The negligent acts of Gary D. Gray, an employee of Defendant TJ Trucking were all performed in the scope of his employment with Defendant TJ Trucking making Defendant TJ Trucking vicariously liable for the negligence under the doctrine of respondeat superior.

## VI.
## GROSS NEGLIGENCE

The wrong done by Defendants was aggravated by the kind of negligence for which the law allows the imposition of exemplary damages according to TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.003 and §71.009. Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant was actually, subjectively aware of the risk involved, but

nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. For any damages that will endure for life of Plaintiff, please refer to National Vital Statistics Reports United States Life Tables, 2008, for expected life of Plaintiff. Plaintiff demands compensation for the following damages:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

3. Physical pain and mental anguish in the past;

4. Physical pain and mental anguish which will, in all reasonable probability, be suffered in the future;

5. Loss of earnings in the past;

6. Loss of future earning capacity;

7. Physical impairment in the past;

8. Physical impairment in the future;

9. Past disfigurement; and

10. Future disfigurement.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VIII.
## JURY DEMAND

Pursuant to Rule 216 of the Texas Rule of Civil Procedure, Plaintiff respectfully requests that this case be tried before a jury.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant TJ Trucking and Defendant Gray be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff for damages in an amount in excess of the minimal jurisdictional limits of this court, together with pre-judgment interest (from 180 days after written notice of the claim was given or suit was filed, whichever occurred first through the day before the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief, at law or equity, to which Plaintiff may be entitled at law or in equity.

Respectfully Submitted,
**THE MARYE FIRM**


/s/ Eric H. Marye
**ERIC H. MARYE**
State Bar of Texas No. 24004798
emarye@maryelaw.com
**MARC S. CHASTAIN**
State Bar of Texas No. 24081528
mchastain@maryelaw.com
2619 Hibernia Street
Dallas, Texas 75204
Phone: (214) 987-8240
Fax:    (214) 987-8241
**ATTORNEYS FOR PLAINTIFF**